UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL PECORA, on behalf of himself and all others similarly situated, | ) ) ) | C/A: _____ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **COMPLAINT** |
| THE BIG M CASINO, INC. and JOHN DOE 1-10, individually, | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, Mike Pecora ("Pecora"), on behalf of himself and all others similarly situated, (all jointly "Plaintiffs"), complaining of the acts of Defendants The Big M Casino, Inc. ("Big M") and John Does 1-10 ("Does") (Big M and Does collectively "Defendants") allege as follows:

## NATURE OF CLAIM

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2. This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

1

**PARTIES, JURISDICTION, and VENUE**

3.      Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

4.      Pecora is a citizen and resident of the State of South Carolina, County of Horry.

5.      Big M is a foreign corporation maintaining offices and agents in the county of Horry, State of South Carolina. Big M is an employer of individuals and operates casino boat cruises in Horry County doing business as The Big "M" Casino.

6.      Upon information and belief, Does are citizens and residents of South Carolina, and owners and / or officers of Big M, or otherwise individuals who had the authority and who exercised sufficient operational control of Plaintiffs' working conditions at Big M.

7.      Pecora was employed at Big M in the County of Horry, State of South Carolina. A substantial part of the events giving rise to these claims occurred in Horry County.

8.      This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

9.      Plaintiff brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals who were employed by Defendants at any time within the three (3) years prior to joining this lawsuit, who were nonexempt employees paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour and participated in a mandatory tip pool created by Big M ("Tip Pool").

10.     Plaintiff also brings this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals, who were employed by Defendants, as outlined above, within the three (3) years prior to the filing of this lawsuit and were non-exempt employees who worked on the casino boat cruises. A sub-class of  this is

individuals, who were employed by Defendants, as outlined above, within the three (3) years prior to the filing of this lawsuit and were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, and Big M deducted, without written or legal authorization, a portion of those tips to place in the Tip Pool.

11.     Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

  a.   The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

  b.   There are questions of law and/or fact common to the members of the proposed Plaintiff class;

  c.   The claims of Plaintiff are typical of the claims of the proposed Plaintiff class; and

  d.   Plaintiff will fairly and adequately protect the interests of the class.

12.     In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

13.     Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

14.     Based upon the above, jurisdiction and venue are proper in this court and division.

15. The work and pay records, including the "tip-out" reports, of Pecora and the members of the putative class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.

## FACTS

16. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

17. Defendants own and operate Big M.

18. Doe exercises operational control over Big M. On information and belief, Doe was involved in the decisions to set the wages and pay, including the Tip Pool, for Plaintiffs, or he hired the individuals to whom he delegated this authority, therefore, Doe is individually liable to Plaintiffs.

19. Pecora was employed by Big M for over ten (10) years with his employment ending January 10, 2018.

20. Pecora held the position of dealer and shift supervisor.

21. Shift supervisors acted in the dual position of dealer and supervisor spending a fraction of the shift as dealers and the majority of the shift as rotating as relief for the other supervisors.

22. Defendants paid Pecora, and on information and belief, other dealers and shift supervisor, a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).

23. Big M had a policy that required Pecora, and on information and belief all dealers,

to participate in a mandatory Tip Pool.

24. From the Tip Pool, Big M redistributed a portion of tips from individuals who worked as dealers to individuals who worked as shift supervisors.

25. Shift supervisors were not employees who "customarily and regularly" received tips.

26. Big M offers day and evening casino boat cruises.

27. Pecora, and on information and belief all hourly employees, arrived for work and began working for Defendants by preparing the boat for guests prior to the departure of the vessel.

28. The boat routinely returned later than the scheduled return time. Plaintiffs continued to work for Defendants until the boat returned to dock, and Plaintiffs were allowed to debark from the boat.

29. Pecora, and on information and belief all hourly employees, were not paid for any time spent working prior to the scheduled departure time.

30. Pecora, and on information and belief all hourly employees, were not paid for time spent working after the scheduled return time.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit / Failure to Pay Proper Minimum Wage)**

31. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

32. At all times pertinent to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

33. At all times relevant to this Complaint, Defendants' annual gross volume of sales

made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA.

34. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

35. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

36. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any pooling, or sharing, of tips is shared only with other employees who customarily and regularly receive tips.

37. Pecora, and on information and belief all shift supervisors and dealers, were paid less than the statutory minimum wage.

38. Shift supervisors acted in the dual position of dealer for a small fraction of the shift and rotating supervisor for the majority of the shift.

39. When acting as rotating supervisors, shift supervisors are not "customarily and regularly tipped" employees and therefore should have been paid the full statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour.

40. Pecora, and on information and belief all dealers, were required by Defendants to pool, or share, their tips with employees, who are not employees who customarily and regularly receive tips.

41. By requiring the above action, Defendants can no longer enjoy the benefits of the Tip Credit provision, 29 U.S.C. § 203(m).

6

42. Defendants have violated the FLSA, 29 U.S.C. § 203(m), 206, in reckless disregard of the rights of Plaintiffs.

43. As such, Plaintiffs seek to recover from Defendants the following damages:

   a. actual damages;

   b. liquidated damages of an equal amount; and

   c. reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 207**
**(Failure to Pay Proper Overtime Wage)**

44. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

45. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

46. Plaintiffs routinely worked more than forty (40) hours per week.

47. Without the benefit of the Tip Credit provision, Defendants failed to pay Plaintiffs and all other similarly situated employees the proper amount for all hours worked over forty (40) hours in a workweek or overtime hours worked.

48. Defendants have violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the rights of Plaintiffs.

49. As such, Plaintiffs seeks to recover from Defendants the following damages:

   a. actual damages;

   b. liquidated damages of an equal amount; and

   c. reasonable attorneys' fees and the costs and disbursements of this action.

## FOR A THIRD CAUSE OF ACTION
### (South Carolina Payment of Wages Act)
### (Individual and Class Action)

50. Plaintiffs, along with all non-exempt employees of Defendants who worked on the casino boats, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

51. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

52. Defendants employed Pecora and all non-exempt employees of Defendants who worked on the casino boats.

53. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

54. Plaintiffs worked for Defendants with the clear understanding and agreement that they would be paid wages for all hours worked.

55. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

56. Money received by Plaintiffs directly as tips, or amounts received from the Tip Pool, were "wages" as defined by SCPWA, § 41-10-10(2).

57. Pursuant to the SCPWA § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law.

58. Defendants required Plaintiffs and the members of the Plaintiffs' class to work "off the clock" by not paying them for service rendered for the benefit of Defendants prior to the scheduled departure time of the boat and following the scheduled return time.

59. Defendants have failed to pay Plaintiffs and the members of the Plaintiffs' class all wages due, which exceed the minimum wage and overtime wage required by the FLSA, as required by §§ 41-10-40 and -50 of the Act.

60. Defendants illegally deducted amounts from the wages of Plaintiffs without proper authorization.

61. Defendants owe Plaintiffs these tips that were illegally deducted from their wages.

62. Defendants have no bona fide dispute of why they took this action.

63. Pursuant to S.C. Code § 41-10-80(C), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorneys' fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

    a. An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have yet "opted-in," under the FLSA;

    b. An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

    c. For Plaintiffs, under the first and second causes of actions:

        i. actual damages in an amount to be determined;

        ii. liquidated damages of an equal amount;

      d.      An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

      e.      Actual damages in the amount of wages due under SCPWA;

      f.      Treble damages pursuant to SCPWA;

      g.      Reasonable attorneys' fees and costs;

      h.      Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

      i.      Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.

_____
Bruce E. Miller (Fed ID 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com
bgermain@brucemillerlaw.com

**ATTORNEY FOR MICHAEL PECORA, on behalf of himself and all others similarly situated**

CHARLESTON, SC

May 24, 2018

10