IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL PECORA, on behalf of himself and all other similarly situated, ) ) ) | Civil Action No.: 4:18-cv-01422-RBH |
| Plaintiffs, ) ) | |
| v. ) ) | **ORDER** |
| THE BIG M CASINO, INC. and JOHN DOES 1-10, individually, ) ) ) | |
| Defendant. ) ) | |

This action arises from Plaintiff Michael Pecora's ("Pecora") allegations that Defendants have violated 29 U.S.C. § 216(b) (the "Fair Labor Standards Act" or "FLSA") and/or S.C. Code Ann. § 41-10-10 et seq. (the "South Carolina Payment of Wage Act" or "SCPWA"). On May 24, 2018, Pecora brought suit against his former employer, Defendant The Big M Casino, Inc. (the "Big M" or "Defendant") for unpaid wages. Pecora has sued both in his individual capacity and on behalf of all other similarly situated putative class members. Presently before the Court is Big M's motion to dismiss Pecora's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). [ECF #8]. On August 1, 2018, Pecora filed a response to this motion. [ECF #16]. On August 8, 2018, Defendant filed its reply to Plaintiff's response. [ECF #17]. This matter is now before the Court for disposition.[1] For the following reasons, the Court dismisses Defendant's motion to dismiss.

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the allegations within the complaint, Pecora was employed by Big M, a casino boat cruise company, as a "dealer" and "shift supervisor" for over ten years. [ECF #1, ¶¶ 19-20, 26]. Pecora alleges that Defendants paid him and others less than the statutory minimum wag by taking the "tip credit" under the FLSA. [ECF #1, ¶ 22]. Pecora further alleges that Big M had a policy requiring dealers, including Pecora, to participate in a mandatory tip pool, and Big M would then redistribute those tips to shift supervisors. [ECF #1, ¶¶ 23-24]. Pecora further alleges that he, as well as other employees, were not paid for time spent working prior to and after the casino boat's departure and return to the dock. [ECF #1, ¶¶ 27-30]. Within the complaint, Pecora alleges violations of both the FLSA and SCPWA.

Pecora filed this lawsuit on behalf of himself and as a collective action under the FLSA and as a Rule 23 class action to recover damages resulting from the failure to pay the proper minimum wage and failure to pay overtime wages. Specifically, Plaintiff's complaint alleges causes of action for: (1) Violation of the FLSA as an "opt-in" collective action; and (2) Violation of SCPWA as a collective class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Big M has now filed a motion to dismiss the state law claim for recovery of tips. Big M argues that any state law claim is preempted by the FLSA. While Big M acknowledges that this issue has previously been addressed by this Court, it argues that the issue has not been properly framed for consideration, and further, that a recent amendment to section 203(m) affects all related claims after March 23, 2018. According to Big M, the passage of the Consolidated Appropriations Act, which was effective March 23, 2018, amends section 203(m) of the FLSA and now provides

a specific remedy for a violation of this section.² [ECF #8, pp. 8-10]. Pecora denies that it is proper to grant this motion and urges this Court to follow prior case law, including its own previous orders.

## DISCUSSION

### A. Standard of Review

Big M files its motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for "lack of subject-matter jurisdiction." The plaintiff has the burden of proving federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When challenging the complaint for lack of subject matter jurisdiction under Rule 12(b)(1), the defendant may move in one of two ways: the defendant may make either a facial or a factual attack on the complaint. *Bolt v. United* States, No. 8:15-1936, 2015 WL 7568241, at *1 (D.S.C. Oct. 16, 2015). A *facial* challenge attacks the sufficiency of the allegations found on the face of the complaint, whereas a *factual* challenge challenges the truthfulness of the facts in the complaint. *Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009). When considering a facial attack, the court must assume the facts in the complaint are true, similar to the standard applied when ruling on a Rule 12(b)(6) motion. *Adams*, 697 F.2d at 1219. When considering a factual challenge, the court may "go beyond the allegations of the complaint

---

²The relevant portion cited by Defendant is: "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of the employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B). The FLSA was further amended to provide, "any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The amendments were effective March 23, 2018.

3

and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id*.

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper only if the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1280-81 (3d Cir. 1993) (*quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). "The threshold to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Lunderstadt v. Colafella,* 885 F.2d 66, 70 (3d Cir. 1989).

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

4

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B. Analysis

Big M argues that the FLSA preempts Pecora's state law claims both prior to and after a recent amendment to the FLSA. More to the point, Big M argues that the state law claims are all dependent upon establishing violations of the FLSA, thereby requiring the same proof as the FLSA claims. Big M asserts that the FLSA should therefore provide the exclusive remedy for such claims. Pecora responds that this issue has been previously addressed in this district multiple times, and each judge has declined to adopt the reasoning advanced by Big M in this case. Big M argues that this specific legal position was not presented in the earlier cases, and that in any event, the earlier cases ignored the fact that the FLSA provides a remedy for the situation presented here, that is tip violations under the FLSA.

"Congress enacted the FLSA to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" 29 U.S.C. § 202(a), cited by *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192 (4th Cir. 2007). The Act "includes criminal penalties for willful violators of the minimum wage and overtime provisions; a private right of action permitting employees to sue in federal or state court to recover unpaid minimum wage and overtime compensation, liquidated damages, attorneys' fees

and costs; and authorization to the Secretary of Labor to supervise payment of unpaid compensation due under the Act and to bring actions for compensatory and injunctive relief for violations of the Act's minimum wage and overtime provisions. *Kendall v. City of Chesapeake, Va.*, 174 F.3d 437, 443 (4th Cir. 1999) citing 29 U.S.C. §§ 206, 207, 215-17. As indicated by Big M, the Fourth Circuit discussed preemption in *Anderson*, and provided:

> Of course, our preemption inquiry must start [ ] with the basic assumption that Congress did not intend to displace state law. Consideration of issues arising under the Supremacy Clause starts with the assumption that the historic police powers of the States are not to be superseded by Federal Act unless that is the clear and manifest purpose of Congress. The purpose of Congress is therefore the ultimate touchstone of a preemption analysis. As a general proposition, the presumption that Congress did not intend to preempt state law is especially strong when it has legislated in a field which the States have traditionally occupied, such as protecting the health and safety of their citizens. And, the presumption is stronger still "against preemption of state remedies, like tort recoveries, when no federal remedy exists.

*Anderson*, 508 F.3d at 192 (alteration in original) (internal quotation marks and citations omitted).

The FLSA provides a floor for minimum wage and overtime and contains a savings clause allowing states to enact wage laws relating to minimum wage and overtime which are more generous to employees than the FLSA. The FLSA savings clause provides: "No provision of this [Act] shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under the [Act] or a maximum work week lower than the maximum workweek established under this chapter." 29 U.S.C. § 218.

The South Carolina Wage Payment Act provides in S.C. Code Ann. § 41-10-30(A):

> Every employer shall notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment, and the deductions which will be made from the wages, including payments to insurance

      programs.  The employer has the option of giving written notification by posting
      the terms conspicuously at or near the place of work. . .

The Act further provides that an employer shall not "withhold or divert" any portion of any employee's wages unless required or permitted by federal or state law "or the employer has given written notice of the deductions . . ." S.C. Code Ann. § 41-10-40(c).

This Court has considered the previous rulings in this district and finds the cases instructive on the matter. In *Anderson v. Sara Lee Corp.*, a case cited by Big M as support for its motion, the Fourth Circuit held that North Carolina common law claims were preempted by the FLSA under a theory of obstacle preemption, where those claims merely duplicated FLSA claims. 508 F.3d 181 (4th Cir. 2007). The court stated: "the Class Members' state claims all depend on establishing that Sara Lee violated the FLSA, either in good faith or willfully . . . [w]ithout doubt, these state claims essentially require the same proof as claims asserted under the FLSA itself." 508 F.3d at 193. In *Foster v. M5 Hospitality Group, LLC*, this Court considered the holding in *Anderson* but ultimately distinguished the facts in the case finding that the cause of action under the South Carolina Wage Payment statute was separate and distinct from the FLSA claims. 2015 WL 5024404, at *5 (D.S.C. Aug. 24, 2015); *see generally Meller v. Wings Over Spartanburg, LLC*, No. 2:15-cv-2094, 2016 WL 1089382, at *3 (D.S.C. Mar. 21, 2016). Likewise, the same reasoning was used by this Court as the underpinning for the decision in *Spallone v. SOHO Univ. Inc.*, 4:15-cv-1622, 2015 WL 5098154 (D.S.C. Aug. 31, 2015). In denying the motions to dismiss in these cases, the Court expressly considered several of the cases now cited by Big M in its own motion to dismiss.

The Court employed similar reasoning in *Carbone v. Zen 333, Inc.*, 2:16-cv-0108, 2016 WL 7383920 (D.S.C. Dec. 21, 2016). In *Carbone*, the defendants similarly argued that the state

law claim was preempted because it turned on a finding of a FLSA violation. *Carbone* considered and ultimately rejected the argument that the SCPWA requires proof of a violation of another federal or state law, and therefore any claim brought under SCPWA would be preempted. The court in *Carbone* disagreed with the defendant's interpretation of the term "permitted" in the SCPWA statute, which the court explained would render the state law purely derivative in nature and would simply allow an aggrieved party an alternate way to obtain damages suffered from the violation of some other law. *Carbone* agreed with several other courts in this district in finding that the state law claim could go forward. The *Carbone* court explained that the better reading of the statute is that it prohibits the withholding or diverting of wages, except when these actions are taken pursuant to another federal or state law, or when employers provide employees proper notice of such actions. *Carbone* also pointed out that the *Meller*, *Foster*, and *Spallone* courts recognized that the FLSA does not govern tips made in excess of the minimum wage.

In short, the arguments made by Big M in this case have been previously considered in one form or fashion several times, and Big M has not provided any additional reasoning to persuade this Court to rule any differently that in its prior decisions. Nonetheless, the Court notes that Big M cites to a more recent decision from a district court in Florida, *Bell v. 1220 Mgmt. Group, LLC*, 17-cv-22479, 2018 WL 3054795 (S.D. Fla. June 20, 2018), to support a finding that other districts have found that the FLSA preempts state law claims. However, *Bell* is distinguishable from the facts of this case. In *Bell*, the court found significant the fact that both the state law claims and the FLSA claims were predicated upon the *same* set of facts. While citing to the language within the FLSA that it be the "sole remedy" available to employees, the Court found that a plain reading of the complaint revealed that the same set of facts were

underlying both the state law and FLSA claims. Accordingly, it dismissed the state law claims. Here, Pecora provides a different set of facts to establish a state law claim under the SCPWA. To support the claim made under the SCPWA, Pecora alleges that employees were required to work "off the clock" and that Defendants illegally deducted amounts from their wages without proper authorization. [ECF #1]. Pecora specifically states that the Defendants did not pay wages that were in excess of minimum wage or overtime. [ECF #1, ¶ 59]. In contrast, the FLSA claims hinge upon the fact that the tip pool arrangement set up by Defendant resulted in employees being paid less than the statutory minimum wage and failing to pay overtime. In other words, Pecora asserts a distinct basis for the state law claim, that is that Defendants made illegal deductions without proper authorization from the employees.[3] Therefore, while instructive, *Bell* is distinguishable from this case. This Court has thoughtfully considered Big M's arguments but is unpersuaded to reject the sound reasoning articulated in its prior orders and the orders from other judges within this district.

Additionally, as pointed out by Pecora, the fact that the FLSA may provide a remedy for potential claims acquired after March 23, 2018 would not necessarily alter the analysis in the cases previously analyzed finding that the plaintiff could bring both an FLSA and a state law claim. Pecora's employment ended January 10, 2018. This Court does not currently have before it a plaintiff with claims that accrued after March 23, 2018. Thus, Big M's argument may be premature, and this Court declines to make a ruling at this time on a claim that is not presently

---

[3] By contrast, in *Degidio v. Crazy Horse Saloon and Rest. Inc.*, 4:13-cv-02136, 2015 WL 5834280 (4th Cir. 2015), the Fourth Circuit considered a similar issue and noted that to the extent the plaintiff sought to recover minimum wages and overtime under the SCPWA, those claims would be preempted, but did not otherwise rule that the FLSA preempted all state law claims.

before this Court.[4] While this Court is aware that a motion for conditional class certification is pending, this Court cannot determine at this date whether any of the potential class members seek to bring a claim accruing after March 23, 2018. Accordingly, for the foregoing reasons, this Court denies Defendant's motion to dismiss the complaint at this time based upon the claims currently before this Court.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the pleadings, Defendant's motion to dismiss, Plaintiff's response to the motion, Defendant's reply, and the applicable law. For the reasons stated above, it is **ORDERED** that Defendant's motion to dismiss [ECF #8] is **DENIED.**

**IT IS SO ORDERED.**

Florence, South Carolina             s/ R. Bryan Harwell
January 23, 2019                     R. Bryan Harwell
                                     United States District Judge

---

[4] Pecora argues that this Court should not preemptively dismiss any potential claims made after March 23, 2018, as those claims are not before this Court, and therefore there is no case or controversy currently before this Court with respect to claims made after March 23, 2018. This Court agrees.