IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL PECORA, on behalf of himself and all other similarly situated, | Civil Action No.: 4:18-cv-01422-RBH |
| Plaintiffs, | |
| v. | **ORDER** |
| THE BIG M CASINO, INC. and JOHN DOE 1-10, individually, | |
| Defendant. | |

This action arises from Plaintiff Michael Pecora's ("Pecora") allegations that Defendants have violated 29 U.S.C. § 216(b) (the "Fair Labor Standards Act" or "FLSA") and/or S.C. Code Ann. § 41-10-10 et seq. (the "South Carolina Payment of Wage Act" or "SCPWA"). On May 24, 2018, Pecora brought suit against his former employer, Defendant Big M Casino, Inc. ("Big M" or "Defendant") for unpaid wages. Pecora has sued both in his individual capacity and on behalf of all other similarly situated putative class members. Presently before the Court is Plaintiffs' Motion for Conditional Class Certification under the FLSA and to Authorize Notice to Putative Class Members. [ECF #18]. On September 11, 2018, Big M filed a response to this motion. [ECF #20]. Plaintiffs filed a reply on September 21, 2018. [ECF #24]. This matter is now before the Court for disposition.[1]

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the allegations within the complaint, Pecora was employed by Big M, a casino boat cruise company, as a "dealer" and "shift supervisor" for over ten years. [ECF #1, ¶¶ 19-20, 26]. Pecora alleges that Defendants paid him and others less than the statutory minimum wage by taking the "tip credit" under the FLSA. [ECF #1, ¶ 22]. Pecora further alleges that Big M had a policy requiring dealers, including Pecora, to participate in a mandatory tip pool, and Big M would then redistribute those tips to shift supervisors. [ECF #1, ¶¶ 23-24]. Pecora further alleges that he, as well as other employees, were not paid for time spent working prior to and after the casino boat's departure and return to the dock. [ECF #1, ¶¶ 27-30].

Pecora filed this lawsuit on behalf of himself and as a collective action under the FLSA and as a Rule 23 class action to recover damages resulting from the failure to pay the proper minimum wage and failure to pay overtime wages. Pecora filed a motion to certify the class under the FLSA only. Pecora asserted in his motion that he and one other individual who worked for Big M have joined the lawsuit. Since the filing of the initial motion, eight more former employees have filed a notice evidencing their consent to become a party plaintiff to this lawsuit. According to Pecora, Big M implemented a policy wherein it would pay employees acting as "floor supervisors" less than minimum wage by taking the Tip Credit provided for in the FLSA. [ECF #18-1, p. 1]. Employees acting in the position of "floor supervisor" for the majority of a shift also acted in the dual position of "dealer" for a small portion of a shift. [ECF #18-1, p. 2]. Pecora argues that while acting as a rotating supervisor, the "floor supervisors" were not employees who "customarily and regularly" received tips as defined by the FLSA. Pecora further argues that Defendants implemented a mandatory tip pool into which dealers were requires to contribute tips.

[ECF #18-1, p. 2]. Pecora argues that because floor supervisors received funds from this tip pool but were not regularly and customarily tipped employees, the policy invalidated the use of the tip credit. [ECF #18-1, p. 2]. Defendants refute these "facts" and, relying upon the affidavit of Big M's general manager, Mary Slabinski, state that Pecora worked as *either* a dealer *or* a supervisor and that there is no such position as "floor supervisor." [ECF #20-1, Aff. of Mary Slabinski]. She provides payroll records, purportedly showing that Pecora was paid one rate as a supervisor, and another rate, a tip credit wage rate, as a dealer. [ECF #20-1, Aff. of Mary Slabinski].

The Plaintiffs now seeks to conditionally certify a class in this matter and have filed a motion to certify this lawsuit as a collective action. Plaintiffs wish to define the class as follows:

> all individuals who were employed by Defendants as Dealers or Floor Supervisors at any time within the three years prior to joining this lawsuit, who were nonexempt employees paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour and participated in a mandatory tip pool created by the Big M ("Tip Pool.").

Plaintiffs further seek to provide and effectuate notice via several methods of communication, and therefore requests this Court enter an order requiring Big M to provide specific information, include the full names and addresses of employees, dates of employment, mailing addresses, email addresses, and telephone numbers. Further, Plaintiffs request this Court authorize the mailing of a specific Notice and Consent via U.S. mail, email, and text message. The initial Notice and Consent to be mailed was attached to the motion. [ECF #18-6, Exhibit 4]. Plaintiffs also attached proposed notices to be sent via e-mail and via text message. [ECF #18-7, Exhibit 5; Exhibit #18-8, Exhibit 6]. Big M disagrees that conditional class certification is proper, arguing that: (1) Pecora has failed to establish a class of "similarly situated" individuals; (2) Pecora has only provided the consent of one other individual interested in joining the lawsuit; and

(3) that the requested Notice is deficient. [ECF #21]. After the filing of Big M's response, eight more individuals filed a Notice of Joinder in this lawsuit. Accordingly, in addition to Pecora, there are now nine opt-in plaintiffs, bringing the total number of plaintiffs, including those seeking to opt-in, at ten.

## DISCUSSION

### I. Standard for Conditional Certification

Plaintiffs filed this motion pursuant to Section 216(b) of the FLSA. This Section provides:

> An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Several district courts employ a two-step process in analyzing the certification of a collective action under the FLSA. At the first step, the court generally considers "whether other similarly situated employees should be notified." *Curtis v. Time Warner Enter.-Advance Newhouse Partnership*, No. 3:12-CV-2370-JFA, 2013 WL 1874848, at *2 (D.S.C. May 3, 2013). The second step is triggered by an employer's motion for decertification and typically occurs after substantial discovery has taken place. *Id.*

Under step one, Court's often require a plaintiff show a "reasonable basis" for his or her claim that there are other similarly situated employees. *Id.* (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258-62 (11th Cir. 2008). Alternatively, courts have required plaintiffs to "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (citing *Myers v. Hertz Corp.*, 624 F.3d

4

537, 554-55 (2d Cir. 2010)). Under this step, the plaintiff's burden has been described as "fairly lenient" because the court is trying to determine whether "similarly situated" plaintiffs exist. *Id.* Still, the plaintiff bears the burden of demonstrating that notice is appropriate. *MacGregor v. Farmers Ins. Exchange*, No. 2:10-cv-03088, 2011 WL 2981466, at *2 (citing *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)). The Court's discretion to facilitate notice in these cases is not without bounds. *MacGregor*, 2011 WL 2981466, at *2. Courts should not exercise this discretion unless the plaintiff has shown that the facts and circumstances of the case present a class of "similarly situated" aggrieved employees. *Id.* (citing *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547-48 (E.D. Va. 2009). If a court were to grant a motion for conditional certification, the defendant may file a motion for decertification, at which time a more stringent standard under the second step must be met. *Id.* at *3. The second step usually occurs near the end of discovery, and the courts have considered a number of factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Id.*

## II. Motion Requesting Conditional Certification

Big M first argues that Pecora has failed to make a showing that there is a class of similarly situated employees or an identifiable factual nexus with putative class members. Because a plaintiff must show some identifiable factual nexus with class members, Big M argues that Pecora must demonstrate that there are a sufficient number of putative class members who wish to join this action. At the time Big M filed its response, only one other individual, Marc Rugotske, filed a Consent to Join Lawsuit. [ECF #12]. Accordingly, Big M argued that Pecora

cannot make the proper showing because he has not shown that there are other individuals interested in joining this action. *See generally Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 369 (D.S.C. July 12, 2012) (noting that the benefit to a collective action is questionable when there are a limited number of class members).

In response, Pecora points out that the majority of courts in this circuit have declined to require evidence of other potential plaintiffs' desire to opt-in to a collective action. *See Gordon v. TBC Retail Group, Inc.*, 134 F. Supp. 3d 1027, 1039-40 (D.S.C. 2015); *see generally McCoy v. RP, Inc.*, 2:14-CV-3171-PMD, 2015 WL 6157306 (Oct. 19, 2015) (explaining that the Fourth Circuit has not ruled on this specific issue, and that this requirement seems at odds with the opt-in procedures applied under the FLSA). Further, since the filing of the response to this motion, eight other individuals have filed a Consent to Joint Lawsuit. [ECF #25; #26; #27; #28; #29; #31]. Therefore, whether or not such a showing is required, the fact that there are now ten opt-in plaintiffs evidences the fact that there are similarly-situated employees seeking to join this lawsuit.

Big M further argues that Pecora has not established that he represents a class of similarly-situated employees. Big M takes specific issue with certifying a class of employees who worked as dealers *or* "floor supervisors" because Big M argues that the position of "floor supervisor" does not exist, that employees acting as supervisors did not participate in the tip pool, and that instead, these employees were paid $25 per hour. In response, Pecora states that Big M essentially argues he is not a proper representative because the facts, as Pecora testifies to them in his affidavit, are in dispute by Big M. Pecora argues that at the conditional certification stage, a court may not make credibility determinations, and that this Court should find his affidavit sufficient to support his factual allegations. *See McCoy*, 2015 WL 6157306, at *3-*4 (considering the evidence

presented in an affidavit provided by the plaintiff an finding that it provided sufficient factual evidence to support a finding that the proposed class was similarly situated).

As previously stated, while the burden upon a plaintiff is "fairly lenient," Pecora must show an identifiable factual nexus which binds him and the other potential opt-in members. *Dimery v. Convergys Corp.*, 17-cv-00701-RBH, 2018 WL 1471892, at *8 (D.S.C. Mar. 16, 2018). Here, Pecora argues that he has testified that when he was assigned the duties of a floor supervisor, *as well as when other employees* were assigned these same duties, they were paid less than the statutory minimum wage. [ECF #18-4]. This is the group of "similarly situated" employees he argues were all subject to the same pay policy that he contends is in violation of the FLSA. The main disagreement between Big M and Pecora appears to be over whether there was an independent position of "floor supervisor" and the circumstances surrounding whether an employee participated in the "mandatory" tip pool. While Big M argues that Plaintiffs must do more than put forth unsupported allegations, Pecora has filed his own declaration attesting to the facts supporting the conditional certification motion. [ECF #18-4, Aff. of Michael Pecora]. At this stage of the litigation, credibility determinations are usually inappropriate. *See Hart v. Barbeque Integrated, Inc.*, 299 F. Supp.3d 762, 771 (D.S.C. 2017) (noting that while the defendant produced a number of declarations calling into question the plaintiff's claims, the plaintiff established a reasonable basis for her claim that other similarly situated individuals existed); *see also DirectSAT USA, LLC*, 876 F. Supp.2d 560, 572 (D. Md. 2012); Further, Plaintiffs assert in reply that they agree to withdraw the portion of the motion for conditional certification seeking to include "floor supervisors" in the putative class. Big M also provides in its own response that it was only when Pecora worked as a dealer "that he was paid less than minimum wage and participated in the

7

dealer's tip pool." [ECF #20, p. 10]. In reviewing the proposed class definition, removing the term "floor supervisors" from the class proffered by Plaintiffs would obviate Big M's concerns as to the confusion about job position terminology. Therefore, under the standard set forth above to satisfy step one of the conditional certification process, this Court finds that Plaintiffs have met that standard for conditional class certification.[2] Taking into account the arguments made by both parties, the class is hereby defined as follows:

> any individual employed at Big M at any time since [DATE 3 YRS PRIOR TO MAILING] who at any time was paid a direct, or hourly, rate less than the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour and held the position of dealer.[3]

Next, Plaintiffs request this Court allow notice to be sent to potential class individuals in several different mediums. Big M raises several objections to the contents and dissemination of the notice to be sent to putative class members. This Court will consider each objection in turn.

### III.  Proposed Class Notice

<u>A. Contact Information and Manner of Court-Facilitated Notice</u>

First, Plaintiffs request an order requiring Big M to provide to third-party administrator Simpluris, Inc. ("TPA") the following information for each member of the class: (1) full name and whether the individual is a current employee; (2) the date of employment; (3) all known mailing addresses on file; (4) all known e-mail addresses; (5) and all known telephone numbers.[4]

---

[2] In their response, Big M requests time to engage in limited discovery related to the issue of conditional certification should the Court determine that the record is insufficient to rule upon the motion. However, this Court does not find the record insufficient, and upon the pleadings and exhibits before it, finds that it can make a decision regarding conditional certification at this stage of the litigation.

[3] This Court notes that this is the proposed definition of the class, as defined in Big M's proposed notice to be sent to class members, should this Court certify the class.

[4] Big M does not object to the use of this TPA but objects to bearing the burden of the cost of the TPA. Plaintiffs agrees to bear the costs of the TPA and, if they prevail in this action, to seek reimbursement for this cost at that time.

In response, Big M objects to providing the TPA with "all known mailing addresses" on file for each individual, as well as their e-mail and telephone numbers. Big M agrees to provide the last known mailing address, rather than providing all addresses on file, due to the burden and cost associated with the process. Big M further states that for former employees, there is no reason to mail anything to any address other than the last known address on record. Plaintiffs are amenable to the production of the last known address of each individual, provided the information comes from any source within Big M's files. Therefore, Court orders that Big M provide the TPA with the last known mailing address for each potential class member that it has in any of its records.

Big M further objects to Plaintiffs' proffered request for the production of all email addresses and telephone numbers. Big M argues that it consents only to emailing a court-approved notice to individuals with e-mails on file whose mailed notice was returned as undeliverable and there Big M does not have a forward address on file. Big M asserts that Plaintiffs' concern regarding the "migratory" status of the proposed individuals is unfounded because individuals employed as dealers are not traditionally seasonal workers and the business is not especially prone to a high turnover rate. Plaintiffs respond that numerous courts have approved the sending of an email notice to potential class members.

At the notice stage of FLSA actions, e-mail addresses are routinely disclosed. *See McCoy*, 2015 WL 6157306, at *4. With respect to the production of e-mail addresses, Plaintiffs argue that dissemination by e-mail is appropriate because while mailing addresses tend to change, e-mail addresses are more likely to stay the same. In order to ensure proper notice is effectuated and to

allow potential members to make an informed decision about whether to participate,[5] this Court will require Big M to provide the TPA with any e-mail address on file in its records for potential class members.

With respect to the production of telephone numbers, other courts in this district have required a showing of a "special need" prior to ordering the disclosure of telephone numbers. *McCoy*, 2015 WL 6157306, at *4-*5. Plaintiffs argue that text messaging a notice in this case is reasonable because in today's mobile society, telephone numbers are likely to remain the same. Plaintiffs' counsel further argues that in his experience, using text messaging to contact individuals in the hospitality industry with information often invokes the best response. However, Plaintiffs also acknowledge in their brief that use of text messaging is almost identical to e-mail. In *McCoy*, the district court found that the plaintiff did not demonstrate a "special need" for the additional use of a text message notice where plaintiff made a similar claim that due to the "migratory nature" of restaurant servers, the best chance of contact with these class members was via cell phone. 2015 WL 6157306, at *5. Similarly here, despite Plaintiffs' allegations that the potential class members may be hard to contact, Plaintiffs have not made the requisite showing of a "special need" for dissemination by text message, in addition to sending the notice via mail and e-mail. Moreover, despite the fact that Plaintiffs argue that these potential class members may move locations frequently (which Big M does not agree is the case with individuals employed as dealers), and considering Big M's argument that text message notification lends itself to becoming distorted, this Court finds that utilizing e-mail to facilitate this notice, in addition to mailing a notice, should alleviate the concern that potential class members may not receive the mailed

---

[5] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

notice. Accordingly, this Court denies the request to order Big M to provide the telephone numbers and to authorize the dissemination of any notice by text message in this case.

In reviewing all of the arguments made by counsel, this Court orders that Big M transmit the following contact information to the TPA for each member of the putative class: (1) full names of each individual of the putative class, along with the identification of whether each individual is a current employee; (2) the dates of employment for each named individual; (3) the last known mailing address on file, included in either payroll records, W-2, or elsewhere in the employee file of each named individual; and (4) all known e-mail addresses on file for each individual of the putative class.

### B. Form of Notice and Consent to Be Mailed to Physical Addresses

Contemporaneously with the filing of their motion, Plaintiffs attached proposed notices as exhibits, including a proposed notice to be mailed, e-mailed, and texted via telephone to members of the class. Because this Court has previously denied the request to order Big M to produce telephone numbers, this Court need not consider the objections and arguments made regarding the form of the proposed text message notice. However, this Court will consider the arguments and proposed changes requested by Big M with respect to the Notice of Collective (Class) Action Lawsuit filed as Exhibit 4 and the Notice via Email attached as Exhibit 5 to the motion. In so doing, this Court has also reviewed the revised proposed notices attached to Plaintiffs' reply. [ECF #24-1, Exhibit 1; ECF #24-2, Exhibit 2]. These notices incorporate some of Big M's requested edits and additions in its response motion. For the following reasons, this Court approves Plaintiffs' revised Notice and Consent attached as Exhibit 2, as well as the E-Mail Notice attached as Exhibit 1, to Plaintiffs' reply brief. [ECF #24-1; ECF #24-2].

Courts generally have discretion to exercise some authority over the dissemination and contents of the notice to be sent to potential opt-in plaintiffs. *See McCoy v. RP, Inc.*, 2015 WL 6157306, at *5 (D.S.C. Oct. 19, 2015) (citing *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 574 (D. Md. 2012)). Courts are permitted to manage the process of joining multiple parties to a lawsuit in an orderly and sensible manner. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). The benefit of a collective action depends upon employees receiving accurate and timely notice of the action in order to decide whether to participate. *Id.* In exercising discretion when reviewing the contents of a proposed notice under § 216(b), the courts should consider the overarching policies of collective suit provisions. *Velasquez v. Digital Page, Inc.*, No. CV-11-3892, 2014 WL 2048425, at *9 (E.D.N.Y. May 19, 2014). Absent reasonable objections, a plaintiff should be allowed to use the language they choose in drafting such a notice. *McCoy*, 2015 WL 6157306, at *5. With these principles in mind, this Court will consider the objections raised by Big M regarding the contents of Plaintiffs' proposed mailed notice and e-mailed notice.

1. "Re" Subject Line and Title of Notice: Big M requests the reference to a "class action" anywhere in the Notice be changed to "Fair Labor Standards" in the title of the document and "collective" in the subject line, arguing that the term "class action" is misleading. Plaintiffs do not agree to this proposed change, as stated. Instead, Plaintiffs propose that everywhere "Collective" is used, the term should be followed by "(Class)." Plaintiff argues that the caption should remain the same. Plaintiffs' revised notice includes the term "Collective" followed by "(Class)" in the title, as well as the subject line and introductory paragraph. Further, the notice references the fact that the lawsuit is filed under the Fair Labor Standards Act. It appearing that Plaintiffs agree to adding the term "collective" within the text of the notice, so long as it is

12

followed by "(Class)," as referenced in the revised notice, this Court orders that this change be reflected, with the caption remaining the same, as shown in the revised notice attached to Plaintiffs' reply. Big M's objection is overruled in part, and sustained in part.

2. Plaintiffs consent to the striking of the "From" line within the notice, accordingly this Court orders this change be reflected in the notice sent to potential class members.

3. Introductory Paragraph: Big M proposes additional language be included within opening/introductory paragraph of the notice. First, Big M proposes adding the following language to the first sentence of the first unnumbered paragraph to clarify the purpose for the notice: "for the sole purpose of providing you with information concerning your right to join this lawsuit." Second, Big M proposes additional language to the opening paragraph providing clarification that this Court has not expressed an opinion regarding the merits of the lawsuit, that the reader of the notice should not interpret the sending of the notice as an indication that this Court has an opinion regarding the ultimate outcome of the lawsuit, and that the potential class member can join the lawsuit "if you choose to do so." [ECF #20, p. 19]. Plaintiffs contend the additional language is largely unnecessary in that the notice already encompasses language that is fair and informative. In reviewing the language in the revised notice attached to the reply by Plaintiff, this Court finds that the language used by Plaintiff already embodies the information Big M seeks to include: namely that the purpose of the notice is to provide information about the potential for joining the lawsuit, that the individual can decide not to join the lawsuit, and that this Court does not take any position regarding the meritorious nature of the lawsuit. Plaintiffs' revised notice also contains the term "collective" in addition to "class" in the language of the introductory paragraph. Accordingly, this Court overrules Big M's request to add the requested additional language and

finds that the language provided in the revised notice attached to the reply is sufficient.

4. Description of the Lawsuit: Big M objects to the language contained within the description of the Lawsuit and requests proposed changes to "accurately reflect the facts in this case." [ECF #20, p. 20]. Plaintiffs' revised notice incorporates some of Big M's requested changes. Plaintiffs removed the term "floor supervisor" and revised the description to reflect that "Plaintiffs allege Big M required dealers to tip out to employees who were functioning as supervisors and this violated the Fair Labor Standards Act." [ECF #24-2, Exhibit 2]. In reviewing the revised notice, this Court finds that the language contained within that notice is an accurate reflection of Plaintiffs' allegations. Therefore, this Court overrules Big M's request to require Plaintiff to change the language of what it is being alleged in this lawsuit on behalf of himself and the proposed class members.

5. Big M objects to the inclusion of the term "floor supervisor," and Plaintiffs agree to this deletion, as reflected in the revised notice. Thus, this objection is sustained.

6. Effect of Joining Lawsuit Paragraph: Big M requests adding following language to this paragraph: "[I]t is entirely your decision whether to join this lawsuit. You are not required to take any action unless you desire to join." Plaintiffs contend that the revised notice already includes this information, and that if this Court were inclined to require the notice to include this additional information, it should be at the end of the paragraph. Big M also requests adding in additional language regarding the ability of the potential class member to obtain different counsel of one's own choosing. Plaintiffs again assert that the revised notice provides this information within the revised notice in the paragraph following this paragraph. Because this Court agrees with Plaintiffs that the proposed additional language is duplicative and already encompassed elsewhere within

the notice, it will overrule this objection.

7. Big M requests submitting "Defendant" in place of "Big M" because the term is "more objective" and "appropriate." Plaintiffs submit that there is more than one Defendant listed in the caption, and the employer was "Big M," thus the revised notice using the term "Big M" is more accurate. This Court overrules Defendant's objection, as it agrees that using the name of the employer is appropriate in the notice.

8. Protection Against Retaliation Paragraph: Big M contends that the phrase "in any manner" should be omitted from this section regarding protection against retaliation. Plaintiffs contend that the FLSA includes this specific language and is therefore accurately placed in the notice. This Court overrules Defendant's objection as this language is indeed found in the anti-retaliation provision of the FLSA. 29 U.S.C. §§215(a)(3).

9. Plaintiffs agreed to delete any reference to state claims and properly identified the judge presiding over this lawsuit, as reflected in the revised notice.

C. Notice and Consent to be Sent Via E-Mail

Big M argues that the TPA should e-mail the same notice in .pdf format that was sent to the mailed addresses. Big M argues that the contents of both the mailed notice and the e-mailed notice should be the same to avoid any distortion of the message and because the language requested by Plaintiffs to be included in the e-mailed notice is "repetitive" and "unnecessary." Big M therefore consents only to sending an identical notice as the notice being mailed to potential class members' e-mail addresses. Big M proposes the following language be included in the text of the email notice: "Attached please find a Notice of a Fair Labor Standards lawsuit. Please read it as it may affect your rights." In response, Plaintiffs state that they are agreeable to revising the

language in the body of the e-mail but request altering the language as follows: "Attached please find a Notice of a Fair Labor Standards lawsuit approved by the United States District Court for the District of South Carolina. Please read it as it may affect your rights." This Court understands Plaintiffs' concern that individuals may read the e-mail with skepticism, and accordingly, this Court approves of the use of the language requested by Plaintiffs in the body of the e-mail, as drafted and attached to their reply brief as Exhibit 1. [ECF #24-1]. Plaintiffs suggest the subject line as follows: "Big M Class Action Lawsuit - Please Read." Big M does not expressly object to this subject line. However, in order to be consistent with respect to the mailed notice, this Court orders that the subject line read as follows: "Big M Collective (Class) Action Lawsuit under the Fair Labor Standards Act - Please Read." This is the subject line that the Court approves of in the e-mail notice.

## Conclusion

The Court has thoroughly reviewed the entire record, including the pleadings, Plaintiffs' Motion for Conditional Class Certification (FLSA) and to Authorize Notice, Defendant's response to the motion, Plaintiffs' reply, and the applicable law. For the reasons stated above, the motion [ECF #18] is **GRANTED in part and DENIED in part**, subject to the modifications and limitations as outlined in this Order. Based on the above information, this Court Orders as follows:

(1)    This action will be conditionally certified as a collective action under 29 U.S.C. § 216(b).

(2)    The class shall be defined as: "any individual employed at Big M at any time since [DATE 3 YRS PRIOR TO MAILING] who at any time was paid a direct, or

hourly, rate less than the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour and held the position of dealer."

(3) The revised Notice and Consent ("Notice") attached to Plaintiffs' Reply [ECF #24] as Exhibit 2 [ECF #24-2] is appropriate to provide notice to the potential members of the class, via U.S. mail and for allowing potential members to of the class to opt-in, or join the class.

(4) The revised E-mail Notice attached to Plaintiffs' Reply [ECF #24] as Exhibit 1 is appropriate for sending notice to potential class members via e-mail. [ECF #24-1]. The subject line will read: "Big M Collective (Class) Action Lawsuit under the Fair Labor Standards Act - Please Read." The email will include a .pdf attachment of the same Notice sent via U.S. mail, and attached as Exhibit 2 to Plaintiffs' Reply [ECF #24-2], to the e-mail sent to potential class members.

(5) Notice shall be authorized to potential class members for a thirty day (30) period of time. Putative class members will have thirty (30) days from the date of the Notice to return their Consent form. Timeliness will be determined based upon the date that the Consent is post-marked.

(6) The parties shall use the service of TPA Simpluris, Inc. to handle distribution of Notice and Consent. Plaintiff shall pay all fees and costs of TPA, subject to reimbursement pending the outcome of this lawsuit. The TPA will need to insert appropriate dates within the Notice wherein language is contained requesting the insertion of a date.

(7) Within five (5) calendar days of the entry of this Order, Big M shall provide, in electronic format, if available, the TPA, for all potential class members the following information: (a) full names of each individual of the putative class, along with the identification of whether each individual is a current employee; (b) the dates of employment for each named individual; (c) the last known mailing address on file, included in either payroll records, W-2, or elsewhere in the employee file of each named individual; and (d) all known e-mail addresses on file for each individual of the putative class.

(8) The TPA, shall within ten (10) calendar days of the entry of this Order: (a) mail, via first class U.S. mail, a copy of the Notice and Consent, attached as Exhibit 2 to Plaintiffs' Reply [ECF #24-2] to all members of the potential class, as outlined above; and (b) e-mail to all members of the potential class, a copy of the Notice and Consent.[6] The body of the e-mail will reflect the language found in Exhibit 1 attached to Plaintiffs' Reply [ECF #24-1]. The mailing envelope shall have a return address as follows:

> Class Action Lawsuit
> Bruce E. Miller
> Bruce E. Miller, P.A.
> 147 Wappoo Creek Drive, Suite 603
> Charleston, SC 29412

---

[6] It is contemplated by this Order that Big M can provide the information within five days to the TPA. If it cannot provide the information in this time frame, then Defendant should contact counsel and submit a proposed consent order amending the date for Big M and the TPA to comply with this Order.

18

        Enclosed with the Notice shall be a self-addressed, postage-paid envelope using the name and mailing address of Plaintiffs' counsel for both the address and return address.

(9) Within seven (7) days of receiving the contact information from Defendant, the TPA shall provide Plaintiffs' counsel with the following information: (a) the number of putative class numbers; (b) the number of mailing addresses; (c) the number of e-mail addresses.

(10) If the TPA receives any completed Consents, the TPA shall, within twenty-four (24) hours of receiving the Consent, email a copy of each to counsel for Plaintiffs to be filed with this Court. Within five (5) business days, the TPA shall also mail the original Consent to Plaintiffs' counsel.

(11) Within sixty-five (65) days of the entry of this Order, the TPA shall send the identical report to counsel for the parties, showing all activity of the TPA in this action, redacting the names and contact information for all putative class members who did not opt-in to the lawsuit. This shall include a list of all potential class members and whether the TPA mailed and/or e-mailed the Notice, along with indications of which methods, if any, were unsuccessful. This report shall also include any telephone calls received from any potential class members, along with what subsequent action, if any, the TPA took.

**IT IS SO ORDERED.**

Florence, South Carolina                                     s/ R. Bryan Harwell
January 23, 2019                                                 R. Bryan Harwell
                                                                            United States District Judge